IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBIN CRAIN, IV § | |
| (TDCJ No. 1987012), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:15-cv-2476-M-BN |
| § | |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn. Petitioner Rubin Crain, IV has requested that the Clerk of Court enter default [Dkt. No. 9] – a request the Clerk has declined – and has moved for default judgment, *see* Dkt. No. 10. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court deny Petitioner's motion for judgment by default.

**Background**

Petitioner's 28 U.S.C. § 2254 habeas application was docketed on July 27, 2015. *See* Dkt. No. 3. On August 7, 2015, the Court ordered Respondent to answer the application by October 7, 2015. *See* Dkt. No. 4. On that date, Respondent requested an extension of time, up to and including November 6, 2015, to file his answer, citing the

availability of the state court record and the workload of the attorney assigned to this case. *See* Dkt. 7. Although it was presumed, pursuant to Local Civil Rule 7.1(b)(3), that Petitioner would oppose the relief requested in Respondent's motion, the Court found good cause and granted the motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) on October 8, 2015. *See* Dkt. No. 12. But that order was not entered on the docket until October 13, 2015. Petitioner's motion for default judgment [Dkt. No. 10], received on October 9, 2015, is signed October 2, 2015, *see id.* at 6, and is postmarked October 6, 2015, *see id.* at 7 – both dates prior to the original response deadline.

## Legal Standards and Analysis

"Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief." *Northrup v. Thaler*, C.A. No. C-10-085, 2010 WL 2720655, at *1 (S.D. Tex. June 23, 2010), *rec. adopted*, 2010 WL 2720658 (S.D. Tex. July 8, 2010) (citing *Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (which in part relied on *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner[ should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large."))); *see also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517-18 (N.D. Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for granting the writ"))). Here, moreover, even if entry of default was an appropriate

option, that option would not apply in this case – at least not yet – because Respondent has timely moved for an extension of the answer deadline, and the Court, finding good cause, has granted that extension.

## Recommendation

The Court should deny Petitioner's motion for default judgment [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE