IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RUBIN CRAIN, IV                          §
(TDCJ No. 1987012),                      §
                                         §
           Petitioner,                   §
                                         §
V.                                       §          No. 3:15-cv-2476-M-BN
                                         §
WILLIAM STEPHENS, Director               §
Texas Department of Criminal Justice     §
Correctional Institutions Division,      §
                                         §
           Respondent.                   §

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR PROTECTIVE ORDER

Without seeking authorization of the Court, Petitioner Rubin Crain, IV has filed a pleading titled "Request for Admissions" [Dkt. No. 25]. Doubtlessly construing this pleading as requests for admissions under Federal Rule of Civil Procedure 36, Respondent has moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), *see* Dkt. No. 26. Although the Court presumes, pursuant to Local Civil Rule 7.1(b)(3), that Petitioner opposes the relief requested, the Court, finding good cause, GRANTS the motion for protective order for the reasons and to the extent explained below.

### Legal Standards and Analysis

Generally, the Federal Rules of Civil Procedure apply to Section 2254 proceedings. *See* RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED

STATES DISTRICT COURTS ("Habeas Rules") RULE 11.

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). The Court has broad discretion in determining whether to grant a motion for a protective order, *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir.1985), where "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery," *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

But "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)); *see also Scott v. Michael*, Civ. A. No. 08-1262, 2009 WL 307791, at *4 (E.D. La. Feb. 6, 2009) ("A habeas

petitioner is entitled to invoke all applicable federal rules of discovery, however, it is within the district judge's discretion and subject to the requirement of good cause shown as to whether to allow discovery." (citing Habeas Rule 6(a))).

> "The habeas petitioner is entitled to discovery only where "good cause" is shown. [*Bracy*, 520 U.S. at 904.] The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

*Reed*, 504 F.3d at 471-72; *see also Thompson v. Stephens*, Civ. A. No. H-13-1900, 2014 WL 2765666, at *2 (S.D. Tex. June 18, 2014) ("A court may authorize discovery only when a petitioner's substantive claims 'establish [ ] a *prima facie* claim for relief," and his factual allegations are specific, 'as opposed to merely speculative or conclusory[.]'" (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); footnote omitted)).

"As a threshold matter, however, a court must also take into account the procedural posture of an inmate's claims. A petitioner cannot show good cause if a federal court cannot reach the merits of the disputed claims." *Thompson*, 2014 WL 2765666, at *2 (citing *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004)).

Here, the motion for protective order is due to be granted – and Respondent need not respond to Petitioner's requests for admissions – because Petitioner failed to seek authorization from the Court. A protective order should issue, moreover, because, on the current record, Petitioner has not shown good cause to authorize substantive discovery. First, Respondent primarily relies on procedural defects in his opposition to

the petition – procedural defects which Petitioner has not substantively addressed. Petitioner's specific substantive claims, moreover, do not establish a *prima facie* claim for relief. Although the deadline for Petitioner to file a reply brief is December 14, 2015, *see* Dkt. No. 4; FED. R. CIV. P. 6(a)(1)(C), no response by Petitioner to the motion for protective order would change the Court's analysis that discovery is not currently authorized under Habeas Rule 6(a), which alone provides a sufficient basis to grant the motion for protective order.

## Conclusion

The Court GRANTS the motion for protective order [Dkt. No. 26] without prejudice to Petitioner's right to move the Court for authorization under Habeas Rule 6(a) to conduct discovery but only after the Court addresses the procedural defects raised in the response in opposition to the habeas application [Dkt. No. 20].

SO ORDERED.

DATED: December 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-4-