IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RUBIN CRAIN, IV                     §
(TDCJ No. 1987012),                 §
                                    §
            Petitioner,             §
                                    §
V.                                  §            No. 3:15-cv-2476-M-BN
                                    §
LORIE DAVIS, Director               §
Texas Department of Criminal Justice, §
Correctional Institutions Division,[1] §
                                    §
            Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rubin Crain, IV, a Texas inmate, proceeding *pro se*, has filed an

application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons

explained below, the application should be denied, and the Court should deny the two

pending motions in this action.

**Applicable Background**

Crain currently is incarcerated pursuant to a 2012 conviction for burglary of a

building (other than a habitation), for which he was sentenced to a term of ten years.

*See State v. Crain*, F12-54318-Y (Crim. Dist. Court No. 7, Dallas Cnty., Tex.), *aff'd*

*Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas Jan. 31, 2014,

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

-1-

pet ref'd). The facts underlying Crain's conviction and sentence as summarized by the

Dallas Court of Appeals are that:

> Crain was arrested after he was found inside the maintenance building
> on the grounds of a church. According to the arresting officer, copper
> pipes that had been cut and removed from water and gas lines were on
> the ground in the location where Crain was arrested. The church deacon,
> who discovered the break-in, testified at trial that the sliding door to the
> building had been "pried open" about two feet and the middle of the door
> "was caved in."

> Following his conviction, Crain pleaded true to two felony enhancement
> paragraphs. The jury found the enhancement allegations true and
> assessed a ten-year sentence.

*Crain*, 2014 WL 357398, at *1.

Although Crain has filed numerous postconviction actions in state court

concerning the criminal judgment under which he is currently incarcerated, this Court

is concerned with his second state habeas application, the only application the Texas

Court of Criminal Appeals has denied on the merits. *See Ex parte Crain*, WR-49,450-06

(Tex. Crim. App. Feb. 28, 2015) (denying without written order on findings of trial

court without hearing) [Dkt. No. 20-1 at 47].

In that state habeas action, Crain raised grounds (1) that the trial court lacked

jurisdiction to enhance the offense level; (2) that procedures used to enhance the

offense level were illegal; (3) of ineffective assistance of trial counsel (alleging that

counsel failed to object to the enhancements); (4) of ineffective assistance of appellate

counsel (also concerning the enhancement of his sentence); and (5) that he was denied

due process based on the enhancements. *See* Dkt. No. 20-1 at 48-73.

The state habeas trial court concluded that Crain "was properly enhanced in this

case and his allegations are without merit." Dkt. No. 11-30 at 49 (citing *Pelache v. State*, 324 S.W.3d 568, 576 (Tex. Crim. App. 2010)).

Crain's claims before this Court are (1) that one of his previous convictions – a 1997 conviction and sentence for forgery of checks, which sentence was discharged in January 2003, *see* Dkt. No. 20-1 at 5 – used for enhancement purposes violated the Constitution because the time that he served under that conviction was excessive; (2) that his present sentence is unconstitutional because it was enhanced based on an unconstitutional sentence; (3) that he was maliciously prosecuted, as evidenced by the enhancement; and (4) an "unknown due process (use) claim," which also appears to concern the 1997 conviction and sentence. *See* Dkt. Nos. 3, 16, & 17.

## Legal Standards and Analysis

<u>Attack on Discharged Sentence</u>

To the extent that Crain is directly attacking his 1997 forgery conviction and sentence, the Court may not consider such a collateral attack on a discharged sentence, even though that conviction was used to enhance Crain's current sentence.

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a

-3-

habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the United States Supreme Court has explained that these petitions generally do not state a cognizable legal claim. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). That is, when a prior conviction has affected a current sentence, a petitioner satisfies the "in custody" requirement but may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies were available or did so and lost. *See id.* at 403-04; *Daniels v. United States*, 532 U.S. 374 (2001) (applying the same rule to Section 2255 motions); *United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence (applying *Daniels*)); *Cotton v. Thaler*, No. SA-10-cv-87-XR, 2010 WL 3239316, at *5 (W.D. Tex. Aug. 16, 2010) ("Because the issue in *Clark* ... was whether a state conviction had been attacked, the Court sees no reason why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule."); *see also Tarvin v. Dretke*, No. Civ. A. H-06-0854, 2006 WL 846366, at *2 (S.D. Tex. Mar. 31, 2006) (although the court had jurisdiction to

consider petitioner's 1987 indecency-with-a-child conviction, assuming it was used for enhancement purposes, as that sentence discharged long before the current habeas application was filed, it was "'conclusively valid'" since the pleadings before the court reflected that this conviction was "'no longer open to direct or collateral attack in [its] own right' when [petitioner] filed [the] federal petition" (quoting *Coss*, 532 U.S. at 403-04))

Procedural Default

Crain's habeas claims in state court and here all appear to concern the enhancement of his sentence. But that is not enough to find that Crain has exhausted his federal habeas claims. While those claims appear to concern sentencing enhancements, they are fundamentally different than – or distinct from – the claims that Crain made in the state habeas proceedings. *Compare, e.g.,* Dkt. No. 3, *with* Dkt. No. 11-30 at 4-25.

As the United States Court of Appeals for the Fifth Circuit has explained:

"The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court" so that a state court has had a "fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004).

Exhaustion inquiries are case and fact-specific and "dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts." *Anderson v. Johnson*, 338 F.3d 382, 387 n.8 (quoting *Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir. 1994)). But "[s]ubstantial evidence rising to a '180 degree turn' will render a claim unexhausted." *Id.* at 389 n.26. Furthermore, a petitioner has not exhausted his state claim when he offers material additional factual allegations and evidentiary support to the federal court that were not

presented to the state court. *Dowthitt v. Johnson*, 230 F.3d 733, 746 (5th Cir. 2000); *Barrientes v. Johnson*, 221 F.3d 741, 761 (5th Cir.  2000); *Graham v. Johnson*, 94 F.3d 958, 968-69 (5th Cir. 1996).

*Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) (internal citation modified); *see id.* at 958 ("Because Campbell's state habeas claim only briefly mentioned counsel's failure to investigate Campbell's background and instead focused on counsel's failure to present testimony from a 'mitigation expert,' Campbell's claim took a '180 degree turn' in federal court when he presented for the first time specific factual allegations that Campbell's state habeas counsel did not investigate his background and allegations of the facts they would have uncovered if they had.").

The current claims are therefore unexhausted, *see* 28 U.S.C. § 2254(b)(1)(A), as their factual and legal bases have not been presented to the CCA, the highest available state court, for review in a procedurally correct manner, *see Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement" (quoting  *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (in turn quoting *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)))).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes*, 221 F.3d at 759 n.10. Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The unexhausted claims presented in the Section 2254 petition are procedurally barred. Crain has not shown that these claims would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

Pending motions

During the course of this proceeding, the Court reserved ruling on two motions filed by Crain.

The first is Crain's motion for leave to amend his habeas petition [Dkt. No. 23], in which he seeks to add additional defendants, *see id.* at 14-15. Because that amendment would be futile for the reasons explained above, the Court should deny leave to amend the petition. *See Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007) ("[U]nder Rule 15, this court must grant petitioner's motion to amend unless there is a substantial reason to deny leave to amend. Futility of amendment is one such reason." (citations and internal quotation marks omitted)).

The second motion is Crain's request for declaratory and injunctive relief. *See* Dkt. No. 38. As the declaratory and injunctive relief he seeks is release from confinement, this motion also should be denied for the reasons explained above. *Cf. Cruz v. Skelton*, 502 F.2d 1101, 1102 (5th Cir. 1974) (per curiam) ("The district court denied appellant Cruz's claims for declaratory and injunctive relief," holding "that since the relief sought by Cruz was release from confinement, his proper federal remedy would be habeas corpus after exhaustion of his available state remedies. We agree." (citations omitted)).

### Recommendation

The application for writ of habeas corpus, as well as the pending motions [Dkt. Nos. 23 & 38], should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE